## WEIFFENBACH MARBLE & TILE CO. v SIWECKI et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1695. Decided Nov 12, 1941

Knee & Brumbaugh, Dayton; Fred M. Kerr, Dayton, for plaintiff-appellee, for the motion.

D. H. Wysong, Dayton, for defendant-appellant, contra the motion.

STATE ex LEICHNAM et v HOFF et

Ohio Appeals, 1st Dist, Hamilton Co

No 6048.   Decided Nov 17, 1941

## OPINION

BY THE COURT:

Submitted on motion of plaintiff-appellee for an order determining that this case can not be heard upon the facts; and upon such determination, for such other order or orders as are proper in the premises.

The appeal is noted upon questions of law and fact. Examination of the docket and journal entries discloses that the amended petition upon which plaintiff went to trial consisted of a first cause of action in which money judgment was prayed, and a second cause of action for the foreclosure of a mechanic's lien securing the indebtedness set up in the first cause of action.

It appears by court entry that the parties stipulated that, "If a verdict were returned for plaintiff, the mechanic's lien set forth in the second cause of action of the amended petition is a valid lien" etc. In the situation thus presented, there was only one issue between the parties and that was at law, namely, whether or not plaintiff was entitled to a money judgment. The judgment upon this issue was the determination of an action at law and could not be the subject of an appeal on questions of law and fact.

It is appropriate then that the motion of the appellee be sustained and that the court determine, which it now does, that this case may not be heard upon the facts and that the appeal on questions of law and fact will be dismissed and the appeal will proceed as upon questions of law only. The appellant will be given thirty days, after the entry journalizing this decision on the motion is filed, within which to have a bill of exceptions prepared, settled and allowed in the trial court.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.